IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DENNIS E. ALSTON, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:16-CV-00358-CAR-CHW |
| HILL, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Dennis E. Alston, an inmate most recently confined at the Hancock State Prison in Sparta, Georgia, filed a complaint under 42 U.S.C. § 1983. On January 13, 2017, the Court entered an order consolidating a related case filed by Plaintiff with the above-captioned action. *See Alston v. Thomas*, Case No. 5:16-cv-00533-CAR-MSH (M.D. Ga. Dec. 7, 2016). On January 20, 2017, the United States Magistrate Judge entered an order granting Plaintiff leave to proceed *in forma pauperis* but ordering Plaintiff to amend his Complaint by recasting his statement of claims. Plaintiff was given twenty-one (21) days to comply with the Court's order to amend. Plaintiff was also informed that if he did not timely and fully comply, his action could be dismissed. ECF No. 8 at 5-6. [1]

---

[1] On March 1, 2017, the Court also entered an order consolidating another related case filed by Plaintiff with the above-captioned action. *See Alston v. Ivey*, Case No. 5:16-cv-00567-MTT-MSH (M.D. Ga. Dec. 27, 2016). That case was filed on December 27, 2016, however, and thus the Complaint filed in that case could not have been filed in response to the Court's January 20, 2017 order to amend in this case. Plaintiff has not

The time for compliance passed, and Plaintiff failed to file a recast complaint as ordered. Thus, on June 28, 2017, the Magistrate Judge ordered Plaintiff to respond and show cause why his case should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff was given twenty-one (21) days to respond and was again warned that failure to comply with an order of this Court is grounds for dismissal. ECF No. 9 at 1-2.

The time for compliance has again passed without a response from Plaintiff. Because the Plaintiff has failed to comply with the Court's orders and instructions or otherwise prosecute his case, and because the relevant statute of limitations would not appear to bar the refiling of Plaintiff's claims if he acts promptly to take such action, his Complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

**SO ORDERED**, this 18th day of August, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

recently filed any documents in either of the cases that have been consolidated into the above-captioned action.